Jasmina Richter/Bar No. 024180
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Direct Phone: (602) 532-5779
Direct Fax: (602) 230-5035
jasmina.richter@sandersparks.com

*Attorneys for Plaintiff James River Insurance Company*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Phillip E. Gear, M.D.; Just for Kids, P.L.C.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

JAMES RIVER INSURANCE COMPANY ("James River") by and for its Complaint against PHILLIP E. GEAR, M.D. ("Gear") and JUST FOR KIDS, P.L.C. dba Just 4 Kids Pediatricts ("JK")hereby alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief through which James River seeks a declaratory judgment, under 28 U.S.C. § 2201 et seq., to establish there is no coverage for a lawsuit involving a sexual assault and rape under a liability policy with a Sexual Acts Exclusion, among others.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs. Notably, the amounts sought as damages in the underlying suit have far exceeded $75,000.

3. Venue is proper in this district because Gear and JK reside in this district, a substantial part of the events giving rise to the claim occurred in this district, and the underlying action is pending in this district. 28 U.S.C. § 1391(b) (1) and (2).

4. All conditions precedent have occurred, been performed, or have been waived.

## **THE PARTIES**

5. There is complete diversity of citizenship. James River is an Ohio corporation with its principal place of business in Virginia. Gear is an Arizona citizen. JK is a professional limited liability company with its principal place of business in Arizona. The sole member of JK is Gear, who is an Arizona citizen.

## **THE UNDERLYING ACTION**

6. While under the care of Gear, Wendee Thompson (the "Patient") was repeatedly sexually assaulted and raped by a nurse, Nathan Sutherland.

7. Sutherland has been charged with the crimes of sexual assault and vulnerable adult abuse.

8. On 12/24/2019, the Patient, Mildred Salter, and Joseph Thompson ("Underlying Plaintiffs") filed suit against Gear and JK, among other defendants, in the action styled *Wendee Thompson, et al., v. State of Arizona, et al.*, Case No. CV2019-057584, pending in the Superior Court of the State of Arizona in and for the County of Maricopa (the "Underlying Action").

9. From 05/15/1992 to 12/29/2018, the Patient was a resident of Hacienda Healthcare ICF-ID ("Hacienda"), a long-term care facility for the disabled. (¶¶29-30, 32.)

10. Gear "provided and was responsible to provide primary care, physician care and services to" the Patient from 05/15/1992 to 09/17/2018. (¶49.)

11. On 05/06/2002, a Hacienda representative allegedly reported the possible sexual abuse of five residents, which "was and/or was believed to" include the Patient. (¶¶66-67.)

12. Per the Complaint, "[s]ince 2002, [Salter] and/or [Thompson] requested [the Patient] be cared for by female care provider staff only." (¶70.)

13. Hacienda allegedly hired Sutherland as a nurse in 2012, who "provided care for [the Patient] by himself … on hundreds of occasions" between 2012 and 2018. (¶¶82, 85.)

14. Sutherland repeatedly "sexually assaulted and raped" the Patient. (¶¶86, 90.)

15. The Complaint asserts one claim against Gear and JK for failing to prevent the sexual abuse. (¶¶152-158.)

16. More specifically, the Underlying Plaintiffs allege "[a]s a proximate result of the negligent and other tortious conduct of [Gear] and [JK], [the Patient] suffered repeated, nonconsensual sexual assault and exploitation." (¶157.)

17. The Complaint further alleges "[a]s a further proximate result of the negligent and other tortious conduct of [Gear] and [JK], [the Underlying Plaintiffs] suffered and experienced the harm, injuries and damages as alleged herein." (¶158.)

## **THE JAMES RIVER POLICY**

18. James River issued a medical professional liability policy to Gear as the Named Insured, bearing Policy No. 00036832-9 and effective from 03/13/2018 to 03/13/2019.

19. The policy provides a Retroactive Date of 03/13/2009.

20. The principal coverage form, Form HC0004US 02-07, provides in pertinent part:

**SECTION I – COVERAGES**

1. Insuring Agreement

    a. We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as "damages" because of "injury" arising out of "professional services" rendered or that should have been rendered provided that: …

(2) The "damages" arise out of a "professional service" that occurs subsequent to the Policy effective date or Retroactive Date, if applicable, and prior to the expiration of the Policy; …

c. We will have the right and duty to defend the insured against any "claim" seeking those "damages". However, we will have no duty to defend the insured against any "claim" seeking "damages" for "professional services" to which this insurance does not apply. …

2. Exclusions

This Policy does not apply to any "claim":

a. Based on or directly or indirectly arising out of or resulting from:

(1) A "professional service" rendered prior to the effective date of the first Policy Period in a series of uninterrupted renewal policies issued by us, if any insured knew or could have reasonably foreseen that the "professional service" could give rise to a "claim"; …

e. Based on or directly or indirectly arising out of or resulting from any sexual act or acts including but not limited to undue familiarity, excessive influence or power, molestation, assault, battery or harassment, including "claims" of improper or negligent hiring, employment or supervision, failure to protect or warn the other party, failure to prevent the sexual abuse and/or physical abuse, failure to prevent assault and battery and failure to discharge the employee; …

j. Based on or directly or indirectly arising out of or resulting from:

(1) Any act committed with knowledge of its wrongful nature or with the intent to cause damage; …

(3) Any criminal, fraudulent, or dishonest act; …

n. Based on or directly or indirectly arising out of or resulting from: …

(4) False arrest, detention or imprisonment or malicious prosecution or the wrongful eviction from, wrongful entry

into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies; …

21. The policy also includes a Combined Policy Exclusions Endorsement, Form HC2200US 07-06, which provides in relevant part:

**DUTY TO DEFEND – EXCLUSION** …

Where there is no coverage under this policy, there is no duty to defend.

**COUNT I – NO COVERAGE UNDER THE SEXUAL ACTS EXCLUSION**

22. James River incorporates paragraphs 1 – 21.

23. James River's policy excludes coverage for "any 'claim' … [b]ased on or directly or indirectly arising out of or resulting from any sexual act or acts including but not limited to … molestation, assault, battery or harassment."

24. This exclusion expressly applies to claims including, but not limited to, "improper or negligent … supervision, failure to protect or warn the other party, failure to prevent the sexual abuse and/or physical abuse, [and] failure to prevent assault and battery.

25. The Underlying Plaintiff's claim against Gear and JK is based on, directly or indirectly arises out of, or results from the sexual assault as alleged in their Complaint.

26. James River accordingly has no duty to defend or indemnify.

**COUNT II – NO COVERAGE UNDER CRIMINAL ACT EXCLUSION**

27. James River incorporates paragraphs 1 – 21.

28. The policy excludes coverage for "any 'claim' … [b]ased on or directly or indirectly arising out of or resulting from … [a]ny act committed with knowledge of its wrongful nature or with the intent to cause damage" or "[a]ny criminal, fraudulent, or dishonest act."

29. The Complaint alleges Sutherland repeatedly sexually assaulted and raped the Patient. (¶¶86, 90, 125, 127.)

30. Sutherland has been charged with the crimes of sexual assault and vulnerable adult abuse.

31. James River accordingly has no duty to defend or indemnify.

## COUNT III – NO COVERAGE BASED ON RETROACTIVE DATE

32. James River incorporates paragraphs 1 – 21.

33. The policy is only triggered if "[t]he 'damages' arise out of a 'professional service' that occurs subsequent to the Policy … Retroactive Date."

34. The policy's Retroactive Date is 03/13/2009.

35. The Complaint alleges Gear began caring for the Patient on 05/15/1992. (¶49.)

36. According to the Complaint, the Patient "was and/or was believed to be" a victim of sexual abuse in or around 2002. (¶¶66-67.)

37. To the extent any of the Underlying Plaintiffs' damages arose out of any professional service occurring on or before 03/13/2009, there is no coverage.

## COUNT IV – NO COVERAGE UNDER
## PRIOR PROFESSIONAL SERVICES EXCLUSION

38. James River incorporates paragraphs 1 – 21.

39. The policy excludes coverage for "any 'claim' … [b]ased on or directly or indirectly arising out of or resulting from … [a] 'professional service' rendered prior to the effective date … if any insured knew or could have reasonably foreseen that the 'professional service' could give rise to a 'claim'."

40. The policy's effective date is 03/13/2018.

41. The Complaint alleges Gear began caring for the Patient on 05/15/1992. (¶49.)

42. According to the Complaint, the Patient "was and/or was believed to be" a victim of sexual abuse in or around 2002. (¶¶66-67.)

43. The Complaint contends "[s]ince 2002, [Salter] and/or [Thompson] requested [the Patient] be cared for by female care provider staff only." (¶70.)

44. Yet, between 2012 and 2018, Sutherland allegedly "provided care for [the Patient] by himself … on hundreds of occasions." (¶¶82, 85.)

45. James River accordingly has no duty to defend or indemnify.

**COUNT V – NO COVERAGE UNDER FALSE IMPRISONMENT EXCLUSION**

46. James River incorporates paragraphs 1 – 21.

47. The policy excludes coverage for "any 'claim' … [b]ased on or directly or indirectly arising out of or resulting from … [f]alse arrest, detention or imprisonment or malicious prosecution or the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies."

48. The Complaint alleges while with the Patient, Sutherland allegedly repeatedly engaged in nonconsensual sexual assault." (¶157.)

49. James River accordingly has no duty to defend or indemnify.

**COUNT VI – NO COVERAGE FOR PUNITIVE DAMAGES**

50. James River incorporates paragraphs 1 – 21.

51. The policy provides that James River "will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as 'damages' because of 'injury' arising out of 'professional services'."

52. As defined in the policy, "'[d]amages' does not include equitable or non-pecuniary relief, punitive damages or exemplary damages, or the amount of any multiplied damages awarded that is in excess of the damage award so multiplied."

53. To the extent the Underlying Plaintiffs seek punitive and exemplary damages or any other category of damages excepted from the definition of "damages" in the policy, there is no coverage.

**REQUESTED RELIEF**

WHEREFORE, James River respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the James River policy;

b. Declare that James River has no obligation to defend or indemnify Gear or JK in the Underlying Action;

c. If there is no duty to defend, award James River all of the attorney's fees, costs, and expenses it has incurred and is continuing to incur to defend Gear and JK in the Underlying Lawsuit;

d. Award James River all costs it incurred to prosecute this action; and

e. All such other relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 29th day of May, 2020.

**SANDERS & PARKS, P.C.**

By s/ Jasmina Richter
Jasmina Richter
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
*Attorneys for Plaintiff James River Insurance Company*