Kevin C. Barrett, State Bar No. 20104
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway
Suite 215
Scottsdale, Arizona 85258
(602) 792-5715
kbarrett@barrettmatura.com
*Attorneys for Dr. Gear and Just for Kids, P.L.C.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | ) |
| Plaintiff, | ) No. 2:20-CV-01052-DGC ) |
| vs. | ) **DEFENDANTS' MOTION TO** ) **DISMISS AND ALTERNATIVE** ) **MOTION FOR SUBSTITUTION OF** |
| Phillip E. Gear, M.D.; Just for Kids, P.L.C., | ) **DEFENDANT PURSUANT TO FED.** ) **R. CIV. P., RULE 25(C)** ) |
| Defendants. | ) (Oral Argument/Hearing Requested) ) ) |

     Defendant Phillip E. Gear, M.D. ("Dr. Gear") and Just for Kids, P.L.C. hereby move this Court to dismiss Plaintiff James River Insurance Company's ("James River") claim for declaratory judgment against Defendants Phillip E. Gear, M.D. and Just for Kids, P.L.C. pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) because there is no "actual controversy" regarding the interpretation of the insurance policy in question as to Defendants Gear and Just for Kids. The underlying claim against Just for Kids has been dismissed and Dr. Gear has assigned all his rights and interest in the policy's coverage for the underlying claim to the claimants in the underlying tort claim.

In the event this Court does not dismiss the defendants, it should substitute the underlying tort claimants, identified in Wendee Thompson, Mildred Salter, and Joseph Thompson, (collectively herein "the Thompsons") as defendants in place of Dr. Gear pursuant to Fed. R. Civ. P. 25(c), because the Thompsons have taken an assignment of all of Dr. Gear's rights and interest in the insurance policy/coverage in question and Dr. Gear has no interest in this proceeding.

DATED this 25th day of August 2020.

**BARRETT & MATURA, P.C.**

By:/s/ *Kevin C. Barrett*
Kevin C. Barrett
8925 E. Pima Center Parkway
Suite 215
Scottsdale, Arizona 85258
*Attorneys for Dr. Gear*

**I.　Dismissal of Plaintiff's declaratory judgment action is proper, because there is no "actual controversy" between Plaintiff James River and the current defendants, Dr. Gear and Just for Kids, regarding insurance coverage.**

Plaintiff James River insured defendants Dr. Gear and Just for Kids under a medical professional liability insurance policy. The underlying tort claimants, the Thompsons, filed an action in Maricopa County Superior Court (designated as CV2019-057584 and referred to herein as "the underlying litigation") against Dr. Gear and Just for Kids alleging medical malpractice for, *inter alia*, failing to diagnose and treat a pregnancy in Dr. Gear's patient Wendee Thompson at a long-term care facility (Hacienda). James River has denied coverage

for its insureds and filed this action seeking a declaratory judgment of no coverage for the underlying litigation in this Court.

To protect himself from significant and potentially catastrophic personal liability, Dr. Gear entered into a settlement agreement with the Thompsons in which Dr. Gear assigned to the Thompsons his rights under the insurance policy (as detailed below) in exchange for a covenant not to execute on any judgment entered against him in the underlying litigation. (Settlement Agreement and Assignment of Claims, Ex. A.) Because Just for Kids (Dr. Gear's private medical practice) was not a party to, or involved in, Dr. Gear's personal medical service agreement with Hacienda, the Thompsons have dismissed their claim against Just for Kids, and there is no longer any claim pending against Just for Kids. (Plaintiffs' Notice of Dismissal Without Prejudice of Defendant Just for Kids, P.L.C., Ex. B.) Accordingly, at this point, neither Dr. Gear nor Just for Kids has any interest in the resolution of Plaintiff James River's declaratory judgment action seeking a declaration of no coverage for the underlying litigation. Because they have no interest in the declaratory judgment action, there is no "actual controversy" to be resolved under the federal Declaratory Judgment Act, and the claim against Dr. Gear and Just for Kids should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), federal courts can "declare the rights and other legal relations of any interested party seeking such declaration" "[i]n a case of actual controversy within its jurisdiction." Thus, Federal jurisdiction over declaratory judgment claims extends only to "actual controversies" between interested parties. *United*

*Am. Indus., Inc. v. Cumberland Packing Corp.*, CV-06-1833PHX-FJM, 2007 WL 38279, at *1 (D. Ariz. Jan. 5, 2007); 28 U.S.C. § 2201(a).). The phrase "case of actual controversy" limits the DJA "to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), *citing Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). Therefore, where there is no true case or controversy, "a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007), *citing, Fleck and Assoc., Inc. v. Phoenix, an Arizona Mun. Corp.*, 471 F.3d 1100, 1103-04 (9th Cir. 2006).

The party seeking the declaration bears the burden of establishing justiciability. *Cardinal Chem. v. Morton Int'l,* 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Nat'l. Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Sols., LLC*, 342 F. Supp. 2d 853, 862 (D. Ariz. 2004)*, quoting, Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 62 S.Ct. 510 512 (1941). "The requirement of actual controversy encompasses concepts such as ripeness, standing, and the prohibition against advisory rulings." *Cumberland Packing, supra* at *1*, quoting, BP Chems. Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 977 (Fed.Cir.1993). Such actions must be "definite and concrete, touching the legal relations of parties having adverse legal interests'" and "real and substantial."

*MedImmune, supra.,* 549 U.S. at 127, 127 S.Ct. 764, *quoting Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

"On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court is not 'restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.'" *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. .... The court need not presume the truthfulness of the plaintiff's allegations. …. 'Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The current parties do not have "adverse legal interests" as required for an actual controversy, because the current defendants have no interest in insurance coverage for the underlying litigation. Just for Kids has been dismissed and can have no liability, and Dr. Gear has assigned away his interest in the insurance coverage for the underlying litigation (for which he also can have no liability, since he has been given a covenant not to execute). Defendants no longer care about insurance coverage for the underlying litigation and have no interest of defending against James River's declaratory judgment action. There is no actual controversy between James River and Defendants Dr. Gear and Just for Kids, and the claim

against Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Sols., LLC*, 342 F. Supp. 2d 853, 863 (D. Ariz. 2004) (insurer failed to show actual controversy where there was no evidence that the insured contested the insurer's coverage position, citing cases refusing jurisdiction over declaratory judgment actions where the insureds had judgments against them, but had not made any claim for coverage against their insurers). This Court should dismiss Plaintiff's claim against Defendants Dr. Gear and Just for Kids.

II.     **Substitution for Dr. Gear is proper under Rule 25(c).**

In the event this Court does not dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) as requested above, it should substitute the underlying tort plaintiffs, the Thompsons, in place of Dr. Gear. Where, as here, a party's interest in litigation is assigned after the commencement of the action, Rule 25(c) provides the mechanism for replacing that party (who no longer has an interest in the litigation) with the new owner(s) who is/are impacted by the litigation and motivated to prosecute or defend it:

> **Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3) [requiring service of the motion and a notice of hearing on parties per Rule 5 and non-parties per Rule 4].

*See also*, *Pope v. U.S. Bank NA*, CV 11-02050-PHX-FJM, 2012 WL 1768092, at *2 (D. Ariz. May 17, 2012) (the Federal Rules of Civil Procedure contemplate transfers of interest during litigation, citing Rule 25(c)).

Plaintiff James River filed this insurance coverage declaratory judgment action on May 29, 2020. On August 17, 2020, Dr. Gear assigned his entire interest in his insurance coverage for the underlying tort claims to the Thompsons:

> **Defendant Dr. Gear's Assignment of Claims to Plaintiffs Against James River Insurance Company.**
>
> Defendant **Dr. Gear hereby assigns, transfers, and conveys to Plaintiff Wendee [Thompson], Plaintiff Mildred [Salter], and Plaintiff Joseph [Thompson] any and all claims, causes of action, and rights, titles, and interests Defendant Dr. Gear has in any and all suits, contracts, contractual rights, statutory rights, common law rights, agreements, promises, demands, claims, causes of action, actions, known and unknown and liquidated or contingent, which Defendant Dr. Gear has or may ever have against James River Insurance Company arising out of or relating to the Policy, and James River Insurance Company's handling of Plaintiffs' Claims against him.** This assignment, transfer, and conveyance by Defendant Dr. Gear to Plaintiff Wendee, Plaintiff Mildred, and Plaintiff Joseph includes, without limitation, any and all claims that James River Insurance Company failed to settle for the applicable Policy limit as demanded by Plaintiffs, improperly reserved its rights to deny coverage under the Policy, breached the Policy, denied indemnity under the Policy, failed to recognize and honor Defendant Dr. Gear's reasonable expectations of coverage, breached the implied duty of good faith and fair dealing, failed to reasonably investigate Plaintiffs' Claims, failed to give the same consideration to Defendant Dr. Gear's interests as it gave its own interests when evaluating Plaintiffs' demand for payment of the Policy limit, and improperly attempted to save itself money to the extreme risk and detriment of Defendant Dr. Gear. This assignment, transfer, and conveyance by Defendant Dr. Gear to Plaintiff Wendee, Plaintiff Mildred, and Plaintiff Joseph includes, without limitation, any and all of James River Insurance Company's affiliated entities, subsidiaries, successors, agents, employees, assigns, or any other person or entity that may have responsibility

under the Policy or for the acts, omissions, or conduct of James River Insurance Company.

(Settlement Agreement and Assignment of Claims, Ex. A, p. 10.)(emphasis added). Accordingly, Dr. Gear no longer has any legal interest in this litigation and no motivation to defend against James River's claim or pursue any counterclaim. The Thompsons, on the other hand, have stepped into Dr. Gear's shoes and will be opposing James River's request for a declaration of no coverage and pursuing claims against James River to recover the judgment against Dr. Gear in the underlying state tort proceeding as well as claims related to James River's handling of Dr. Gear's claim. The Thompsons are the real parties in interest. Indeed, they are the only parties interested in the litigation at this point, and should be substituted in for Dr. Gear under Fed.R. Civ. P., Rule 25(c). *See, American Fidelity & Cas. Co. v. All Am. Bus Lines*, 190 F.2d 234 (C.A.10 1951)*, certiorari denied* 72 S.Ct. 79, 342 U.S. 851, 96 L.Ed. 642 (excess insurer that paid claim was properly substituted in as plaintiff against primary insurer for alleged bad faith in failing to accept offer of settlement, since excess insurer was real party in interest and no new cause of action was introduced by substitution); *R.J. Reynolds Tobacco Co. v. Laney & Duke Storage Warehouse Co.,* 39 F.R.D. 607 (M.D.Fla.1966) (insurer could be substituted as party plaintiff for insured who had elected not to sue for the deductible amount not paid by insurer); *U.S. v. Lacy*, 234 F.R.D. 140 (S.D.Tex. 2005) (title insurer that settled government's claim against its insured's property was real party in interest and entitled to substitution for insured with respect to insured's cross-claim). *See, also Pruco Life Ins. Co. v. Wilmington Tr. Co.,* 616 F. Supp. 2d 210, 216–18 (D.R.I. 2009) (person whose

life was insured was entitled to dismissal from action for declaratory judgment and rescission of life insurance policy because resolution of the claims would not affect him); *McGrath v. Everest Nat. Ins. Co.,* 2:07 CV 34, 2009 WL 2508216, at *3 (N.D. Ind. Aug. 13, 2009)(insureds who had assigned their rights and claims under an insurance policy to the underlying tort claimant were not proper parties to litigation regarding the insurance coverage). "[A]fter a cause of action is fully assigned, the assignor is no longer a proper party to sue and has no right of action." *McGrath, supra, quoting E & L Rental Equipment, Inc. v. Gifford,* 744 N.E.2d 1007, 1011 (Ind.App.2001).

At a minimum, the Thompsons should be joined as defendants per their separate Motion to Intervene, which undersigned counsel understands will be filed. *See, Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148, 1157 (D. Ariz. 2008) (underlying state court tort claimants were necessary and indispensable parties to federal insurance coverage action); *Greenberg v. Fireman's Fund Ins. Co.,* CV-07-1554-PHX-DGC, 2007 WL 4105990, at *2 (D. Ariz. Nov. 16, 2007) (underlying tort claimants are generally necessary parties to declaratory judgment action filed by the insured or the insurer, citing cases).

WHEREFORE, Defendants Dr. Gear and Just for Kids respectfully request that this Court enter an order dismissing Plaintiff's claim against them pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, enter an order dismissing Just for Kids and substituting Wendee Thompson, Mildred Salter, and Joseph Thompson in place of Dr. Gear as defendants in this litigation, pursuant to Fed. R. Civ. P., Rule 25(c).

/ / /

DATED this 25th day of August 2020.

**BARRETT & MATURA, P.C.**


By: /s/ *Kevin C. Barrett*
    Kevin C. Barrett
    8925 E. Pima Center Parkway, Suite 215
    Scottsdale, Arizona 85258
    *Attorneys for Dr. Gear*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August 2020, I electronically transmitted the foregoing via the CM/ECF System to the Clerk's office for filing and transmittal of a copy to all CM/ECF registrants.


John A. Micheaels
David S. Shughart (015299)
Beale, Micheaels, Slack & Shughart, P.C.
7012 North 18th Street
Phoenix, Arizona 85020
jam@bmsslaw.com
dshughart@bmsslaw.com
Attorneys for Plaintiffs


/s/ *Susan Saville*
    Susan Saville