**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | No. CV-20-01052-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Phillip E. Gear, M.D.; and Just for Kids, P.L.C., | |
| Defendants. | |

Plaintiff James River Insurance Company insured Defendants Phillip E. Gear, M.D., and Just for Kids, P.L.C., under a medical professional liability insurance policy. Wendee Thompson and her parents, Joseph and Mildred (collectively, "the Intervenors"), sued Defendants in state court, asserting medical malpractice claims based on Dr. Gear's alleged failure to discover and prevent Wendee's sexual abuse at a long-term care facility and her resulting pregnancy. *See Thompson v. Gear*, No. CV2019-057584 (Maricopa Cty. Super. Ct. Dec. 24, 2019).[1] Plaintiff brings this declaratory judgment action under 28 U.S.C. § 2201(a) to establish that there is no coverage for the Intervenors' tort claims. Doc. 1.

Defendants have filed a motion to dismiss because the Intervenors dismissed Just for Kids from the state court case and Dr. Gear has assigned to the Intervenors all his rights and interest in the policy's coverage for the tort claims pursuant to a *Damron* agreement.

---

[1] *See also* Judicial Branch of Ariz., Maricopa Cty, *Civil Court Case Information – Case History*, http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2019-057584 (last visited Sept. 25, 2020).

Doc. 15 at 1; *see Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (Ariz. 1969). The Intervenors have filed a motion to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. Doc. 17. Neither motion is opposed. *See* Docs. 20, 22. Nor does Plaintiff oppose the Court granting the Intervenors leave to file their proposed complaint and answer in intervention. Doc. 20 at 1; *see* Doc. 17-1.

"The Declaratory Judgment Act provides that 'in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration.'" *Labrecque v. NewRez LLC*, No. CV-19-00465-TUC-RCC (EJM), 2020 WL 3276699, at *9 (D. Ariz. June 16, 2020) (quoting 28 U.S.C. § 2201(a); brackets and ellipses omitted); *see Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) ("Jurisdiction to award declaratory relief exists only in a case of actual controversy. We have held that this requirement is identical to Article III's constitutional case or controversy requirement.") (citation omitted). There is no actual controversy between Plaintiff and Defendants given the dismissal of the tort claims against Just for Kids and Dr. Gear's assignment of his rights and interest in the policy's coverage to the Intervenors. The Court accordingly will grant Defendants' unopposed motion to dismiss. Doc. 15; *see Allstate Prop. & Cas. Ins. Co. v. Tomlinson*, No. 2:14-CV-1940-HRH, 2015 WL 3439129, at *3 (D. Ariz. May 28, 2015) ("Because there is no actual case or controversy here, Tomlinson's motion to dismiss is granted."); *Perryman v. Dorman*, No. CV-10-1800-PHX-FJM, 2011 WL 379313, at *7 (D. Ariz. Feb. 2, 2011) ("Because defendants have not met their burden of presenting an actual case or controversy, we dismiss their counterclaim brought under the Declaratory Judgment Act.").

Intervention also is warranted under Rule 24 because the Intervenors "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [the] interest[.]" Fed. R. Civ. P. 24(a)(2); *see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cont'l Ill. Corp.*, 113 F.R.D. 532, 535 (N.D. Ill. 1986) ("By reason of

the assignment of any insurance coverage that may exist for the class claims against the former officers-directors, [movant] clearly has a direct and substantial interest in the subject matter of these cases: the very existence of any such insurance coverage."). The Court therefore will grant the Intervenors' motion to intervene. Doc. 17; *see* Fed. R. Civ. P. 24(a)(2); *Smilovits v. First Solar, Inc.*, No. 2:12-CV-00555-DGC, 2019 WL 6841736, at *1 (D. Ariz. Dec. 16, 2019) (granting unopposed motion to intervene under Rule 24(a)).[2]

For clarity in future proceedings, the Court will allow the Intervenors to enter this case as Defendants, effectively replacing Just for Kids and Dr. Gear. Intervenors therefore should restyle their pleading as an answer and counterclaim, rather than as a complaint and answer. The intervenors shall filed their revised pleading by **October 5, 2020**. *See* Doc. 17-1; Fed. Rs. Civ. P. 7(a), 24(c).

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 15) is **granted**. Defendants Phillip E. Gear, M.D., and Just for Kids, P.L.C., are **dismissed** from this action.

2. The motion to intervene filed by Wendee Thompson, Joseph Thompson, and Mildred Salter (Doc. 17) is **granted**. They shall file a pleading by **October 2, 2020**.

3. The Court will set a case management conference by separate order.

Dated this 28th day of September, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[2] Given this ruling, Defendants' alternative request to substitute the Intervenors as Defendants under Rule 25(c) is moot. *See* Docs. 15 at 2, 17 at 13.