**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | No. CV-20-01052-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wendee Thompson, et. al, | |
| Defendants/Counterclaimants | |

Defendants/Counterclaimants Wendee Thompson and her parents, Joseph and Mildred, (collectively, "Defendants") move to stay this action in favor of resolving all issues in state court. Doc. 27. Plaintiff James River Insurance Company opposes the motion. Doc. 33. Defendants have filed a reply in which they suggest that their counterclaims for breach of contract and bad faith be dismissed without prejudice to be pursued in state court. Doc. 34. The Court has reviewed the parties' well-crafted briefs with care, and reaches the following relevant conclusions.

First, the Court cannot conclude that either party has engaged in inappropriate forum shopping. Both parties have selected forums favorable to their positions: Defendants brought their original tort claim in state court, Plaintiff brought its declaratory relief claim in federal court, Defendants intervened and asserted arguably compulsory counterclaims in the federal action, and Plaintiff intervened in the state action to protect its interests in the reasonableness hearing. Although each decision undoubtedly included some measure

of tactical calculation, the Court cannot find an inappropriate level of forum shopping on either side.

Second, Arizona law provides the rule of decision on all issues presented in this Court – the coverage of Plaintiff's insurance policy, the validity of Defendants' breach of contract and bad faith claims, and the appropriate damages to be awarded, if any. Plaintiff relies heavily on *American Family Mutual Insurance Co. v. Verdugo*, No. CV-14-02585-TUC-CKJ, 2016 WL 9458582 (D. Ariz. Mar. 21, 2016), *aff'd*, 691 F. App'x 387 (9th Cir. 2017), but that case was based on Arizona law. *See* 2016 WL 9458582 at *3 ("the Court holds that Arizona substantive law applies"). And as Defendants note, the *Verdugo* decisions are not binding on this Court. Thus, the questions to be resolved in this case will turn entirely on Arizona law, which is better applied and appealed in Arizona state courts.

Third, there is a strong interest in avoiding piecemeal litigation. Insurance-related questions are now pending in both state and federal court. It makes little sense for the same issues to be litigated in two places. And all disputes between the parties can be resolved in the state court, whereas this Court can resolve only the insurance issues.

Fourth, the Court does not view the order in which the two courts obtained jurisdiction to be a meaningful factor in this case. The state court action was filed first, Plaintiff initiated this action as soon as it learned of the *Damron* agreement, and each side sought to intervene in the other action as soon as reasonably possible.

Given these considerations, the Court concludes that a stay is warranted under both the *Brillhart* and *Colorado River* doctrines.

Because the Court does not find inappropriate forum shopping by either party, the two most relevant *Brillhart* factors in this case are avoiding the needless determination of state law issues and avoiding duplicative litigation. *See Gerdes v. GEICO Indem. Co.*, No. CV-10-2165-PHX-GMS, 2011 WL 649046, at *1 (D. Ariz. Feb. 11, 2011). Plaintiff argues that the *Brillhart* doctrine does not apply because Defendants have asserted more than declaratory relief claims in this Court – specifically, counterclaims for breach of contract and bad faith – but Defendants state that they asserted these as compulsory counterclaims

2

and are willing to have them dismissed without prejudice to be pursued in the state court action where they have also been asserted.[1]

Of the seven *Colorado River* factors, the Court considers the following to be most relevant in this case: the desirability of avoiding piecemeal litigation, whether federal law or state law provides the rule of decision on the merits, and whether the state court proceedings are inadequate to protect the federal rights of the litigants.  *See Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).  The first two factors are discussed above, and the third factor does not favor litigating the case in this Court because Plaintiff does not assert federal rights.  Its coverage positions are governed by Arizona law.[2]

Thus, whether the Court applies the *Brillhart* or the *Colorado River* doctrine, it concludes that the declaratory judgment portion of this case should be stayed in favor of resolving all issues in state court.  The Court will dismiss Defendants' breach of contract and bad faith claims without prejudice, to be litigated in the state court.

**IT IS ORDERED:**

1. Defendants' motion to stay (Doc. 27) is **granted**.

2. Count Two (Breach of Contract) and Count Three (Tort of Bad Faith) of the counterclaims (Doc. 26) are **dismissed without prejudice**.

---

[1] Plaintiff also argues that its claim for defense costs takes this case outside the *Brillhart* doctrine.  The Court does not agree.  "The proper analysis . . . must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed.  In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief."  *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001).  In this case, Plaintiff asserts six counts, each seeking only declaratory relief on the coverage issues.  Doc. 1 at 4-7.  The complaint includes this additional sentence in its prayer for relief: "*If there is no duty to defend*, award James River all of the attorney's fees, costs, and expenses it has incurred and is continuing to incur to defend Gear and JK in the Underlying Lawsuit[.]"  *Id.* at 8 (emphasis added).  By its very terms, this request for defense costs is predicated on the claims for declaratory relief.  It does not constitute an independent claim that takes this case outside the *Brillhart* doctrine.

[2] The only other potentially relevant *Colorado River* factors are not particularly weighty in this case.  For reasons explained above, the Court cannot attach any importance to the order in which jurisdiction was obtained by the concurrent forums, and the Court detects no improper forum shopping.  *Holder*, 305 F.3d at 870.

3. The parties shall file a joint report on February 17, 2021 and every three months reporting on the status of the state court action.

Dated this 17th day of November, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge