**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | No. CV-20-01052-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Wendee Thompson, et. al, | |
| Defendants/Counterclaimants | |

Plaintiff James River Insurance Company moves for leave to amend its complaint and for reconsideration of the Court's order staying this case. Doc. 38. The motion is fully briefed (Docs. 40, 41), and oral argument will not aid the Court's decision, *see* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will deny the motion.

**I.     Background.**

Plaintiff insured Dr. Phillip Gear and Just for Kids, P.L.C. under a medical professional insurance policy. Wendee Thompson and her parents, Joseph and Mildred, sued Dr. Gear and Just for Kids in state court, asserting medical malpractice claims based on Dr. Gear's alleged failure to discover and prevent Wendee's sexual abuse at a long-term care facility and her resulting pregnancy. *See Thompson v. Gear*, No. CV2019-057584 (Maricopa Cty. Super. Ct. Dec. 24, 2019).

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), Plaintiff brought this federal action against Dr. Gear and Just for Kids to establish that there is no coverage

for the Thompsons' state court tort claims. Doc. 1. The Court allowed the Thompsons to intervene as Defendants after they had dismissed Just for Kids from the state court case and Dr. Gear had assigned to the Thompsons his rights under the policy pursuant to a *Morris* agreement. Docs. 15, 17, 24.[1] Defendants filed an answer and counterclaims for declaratory relief, breach of contract, and bad faith. Doc. 26.

In November 2020, the Court granted Defendants' motion to stay this action in favor of resolving all issues in state court. Docs. 27, 35. Defendants' breach of contract and bad faith claims were dismissed without prejudice, to be litigated in state court. Docs. 34 at 3, 35 at 3.

Plaintiff requests leave to bring a rescission claim pursuant to Rule 15 of the Federal Rules of Civil Procedure, claiming that the policy should be rescinded and declared void because newly discovered evidence shows that Dr. Gear made a misrepresentation on a renewal application. Doc. 38 at 2-7; *see* Doc. 38-1 ¶¶ 7-9, 25-27, 63-68. Plaintiff also asks the Court to reconsider its order staying this action if leave to amend is granted. Doc. 38 at 2, 7-10. Defendants oppose both requests. Doc. 40.

**II.    Leave to Amend.**

Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal amendment policy must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Court may deny a motion to amend a complaint if the amendment would be futile. *Foman*, 371 U.S. at 182.[2] The Court finds that granting Plaintiff leave to bring its proposed rescission claim would be futile.

---

[1] *See United Servs. Auto. Ass'n v. Morris*, 741 P.2d 246 (Ariz. 1987); *Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969).

[2] "The standard for assessing whether a proposed amendment is futile is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, although 'viewed through the lens of the requirement that courts freely give leave to amend when justice so requires.'" *SCI Collaboration, LLC v. Sports Car Int'l, LLC*, No. 3:20-CV-170-AC, 2020 WL 6531912, at *5 (D. Or. Nov. 5, 2020) (citations omitted).

Plaintiff states that in November 2020 it obtained what appears to be an entry written by Dr. Gear in the Transverse Myelitis Association Journal. Doc. 38 at 4 (citing Doc. 38-4). In the entry, Dr. Gear described his diagnosis with transverse myelitis in November 2002 and the permanent physical effects he continued to suffer. Doc. 38-4 at 1-2. Plaintiff claims that Dr. Gear failed to disclose this illness on his 2018 renewal application. Doc. 38 at 7. Specifically, Plaintiff alleges in its proposed amended complaint that Dr. Gear answered "no" to question number 12 of the application, which asked whether he had been diagnosed with or treated for a "chronic physical illness." Doc. 38-1 ¶¶ 25-27. But that is not what question 12 asked. It asked whether Dr. Gear had been diagnosed with or treated for a "chronic *physician* illness[.]" Doc. 38-2 at 3 (emphasis added).[3]

Plaintiff has not addressed this discrepancy, even after Defendants raised it in their response brief. *See* Docs. 38 at 3, 40 at 2-3 & n.2. The closest Plaintiff comes is its assertion that Defendants are attempting to litigate the merits of the rescission claim in arguing that "the application is ambiguous[.]" Doc. 41 at 1-2. But Defendants do not argue that the application is ambiguous. They instead argued that Plaintiff cannot seek rescission by arguing that the application it wrote is ambiguous. Doc. 40 at 11-12 ; *see Loza v. Am. Heritage Life Ins.*, 434 F. App'x 687, 689 (9th Cir. 2011) ("We hold that AHL was not entitled to rescission because the term 'diagnostic test for cancer' is ambiguous[.]"); *James River Ins. v. Hebert Schenk, P.C.*, 523 F.3d 915, 922 (9th Cir. 2008) ("Because Arizona tends to construe ambiguity in insurance applications in favor of the insured, Question 10(c) is more appropriately viewed as eliciting a subjective determination.").[4]

Arizona law allows an insurer to rescind a policy because of a misrepresentation in the application where "(1) the misrepresentation is fraudulent, (2) the misrepresentation is 'material either to the acceptance of the risk, or to the hazard assumed by the insurer,' and

---

[3] The Court can consider the application in deciding whether to grant leave to amend because it forms the basis for the proposed rescission claim and is referenced in the amended complaint. *See id.* ¶¶ 25, 64; *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

[4] Defendants note that because Dr. Gear is deceased, he will never be able to testify as to what he thought "physician illness" could have meant when completing the application. Doc. 40 at 12.

1  (3) the 'insurer in good faith would not have issued the policy if the true facts had been
2  made known to the insurer as required either by the application for the policy or
3  otherwise.'" *James River Ins.*, 523 F.3d at 920-21 (quoting A.R.S. § 20-1009; ellipses
4  omitted); *see Loza*, 434 F. App'x at 689 ("To support a claim to rescission of an insurance
5  contract under Arizona law, AHL must establish that Loza made a fraudulent
6  misrepresentation in his insurance application.") (citing § 20-1109 and *James River*);
7  *Principal Life Ins. Co. v. Zaki*, No. CV-15-1337-PHX-SMM, 2018 WL 10811261, at *4
8  (D. Ariz. Mar. 7, 2018) (same).

Plaintiff's proposed rescission claim fails to state a plausible claim for relief because Dr. Gear clearly did not misrepresent that he had no "physical" illness as the proposed claim alleges. That question was not asked in the application. Thus, the very premise of the proposed claim, and the basis for Plaintiff's allegation of materiality, does not exist. Plaintiff makes no allegation that Dr. Gear failed to disclose a "physician" illness, what such an illness might be, or why it was material. Because the proposed amendment alleges no plausible fraudulent misrepresentation on the part of Dr. Gear, it is futile as a matter of law. *See* § 20-1109; *State Comp. Fund v. Mar Pac Helicopter Corp.*, 752 P.2d 1, 5 (Ariz. Ct. App. 1987) ("The three subparagraphs of § 20-1109 are conjunctive. All three therefore must be satisfied."); *Valley Farms, Ltd. v. Transcon. Ins. Co.*, 78 P.3d 1070, 1074 (Ariz. Ct. App. 2003) ("An insurer may not deny coverage under a policy unless the insurer can prove that all three conditions of § 20-1109 have been satisfied."). The Court therefore will deny leave to amend. *See Brown v. Newrez LLC*, 831 F. App'x 335, 335 (9th Cir. 2020) ("The district court did not abuse its discretion in denying Brown's motion for leave to amend her complaint because Brown's proposed amended complaint failed to allege facts sufficient to state any plausible claim for misrepresentation . . . and therefore amendment would have been futile."); *Smith v. Accredited Home Lenders*, No. 2:15-cv-01130-KJD-VCF, 2016 WL 1045507, at *3 (D. Nev. Mar. 15, 2016) ("The Court finds that Plaintiff's motion to amend is futile because he cannot factually support his claims of

fraudulent misrepresentation . . . . Therefore, the Court denies Plaintiff's motion to amend.").

### III.     Reconsideration of the Stay Order.

Plaintiff seeks reconsideration of the stay order only if the Court grants leave to amend. *See* Doc. 38 at 2, 7-8; Doc. 41 at 2, 5-6 (arguing that the *Brillhart* doctrine would not apply if leave to amend were to be granted, and the presence of the rescission claim would require application of the *Colorado River* doctrine). Given the denial of leave to amend, the request for reconsideration will be denied as moot.

**IT IS ORDERED** that Plaintiff's motion for leave to amend the complaint and for reconsideration of the order staying the case (Doc. 38) is **denied**.

Dated this 8th day of February, 2021.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge