**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | No. CV-20-01052-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Wendee Thompson, et. al, | |
| Defendants/Counterclaimants | |

Plaintiff James River Insurance Company has filed a second motion for leave to amend its complaint and for reconsideration of the Court's order staying this case. Doc. 38. The motion is fully briefed. Docs. 46, 52. Defendants' request oral argument is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will grant the motion.

**I.    Background.**

Plaintiff issued a medical professional insurance policy to Dr. Phillip Gear and Just for Kids, P.L.C. Wendee Thompson and her parents, Joseph and Mildred, sued Dr. Gear and Just for Kids in state court, asserting medical malpractice claims based on Dr. Gear's alleged failure to discover and prevent Wendee's sexual abuse at a long-term care facility and her resulting pregnancy. *See Thompson v. Gear*, No. CV2019-057584 (Maricopa Cty. Super. Ct. Dec. 24, 2019); http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2019-057584 (last visited April 23, 2021).

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), Plaintiff brought this federal action against Dr. Gear and Just for Kids to establish that there is no coverage for the Thompsons' state court tort claims. Doc. 1. The Court allowed the Thompsons to intervene as Defendants after they had dismissed Just for Kids from the state court case and Dr. Gear had assigned to the Thompsons his rights under the policy pursuant to a *Morris* agreement. Docs. 15, 17, 24.[1] Defendants filed an answer and counterclaims for declaratory relief, breach of contract, and bad faith. Doc. 26.

In November 2020, the Court granted Defendants' motion to stay this action in favor of resolving all issues in state court, finding that a stay was warranted under both the *Brillhart* and *Colorado River* doctrines. Docs. 27, 35; *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-17 (1976). Defendants' breach of contract and bad faith claims were dismissed without prejudice, to be litigated in state court. Docs. 34 at 3, 35 at 3.

In December 2020, Plaintiff sought leave to amend its complaint and assert a rescission claim, asserting that newly discovered evidence shows Dr. Gear made a fraudulent misrepresentation on his 2018 renewal application. Doc. 38 at 2-7.[2] Plaintiff stated that in November 2020 it obtained what appears to be an entry written by Dr. Gear in the Transverse Myelitis Association Journal in January 2011. Doc. 38 at 4 (citing Doc. 38-4). Dr. Gear described his November 2002 diagnosis with transverse myelitis and his ongoing symptoms. Doc. 38-4 at 1-2.[3]

Plaintiff claimed that Dr. Gear failed to disclose this chronic illness on the 2018 insurance application. Doc. 38 at 7. Specifically, Plaintiff alleged that Dr. Gear answered "no" to question number 12 of the application, which, according to Plaintiff, asked whether

---

[1] *See United Servs. Auto. Ass'n v. Morris*, 741 P.2d 246 (Ariz. 1987).

[2] The application is dated January 22, 2018, and the policy was in effect for one year beginning March 13, 2018. *See* Doc. 43-1 ¶¶ 24-25.

[3] Generally speaking, transverse myelitis is an inflammation of the spinal cord that can cause pain, sensory problems, and weakness in the legs and arms. *See* National Institute of Neurological Disorders and Stroke, https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Transverse-myelitis-fact-sheet (last visited Apr. 23, 2021).

he had been diagnosed with or treated for a "chronic physical illness." Doc. 38-1 ¶¶ 25-27. But question 12 actually asked whether Dr. Gear had been diagnosed with or treated for a "chronic *physician* illness." Doc. 38-2 at 3 (emphasis added).

The Court found that the amended complaint failed to state a plausible fraudulent misrepresentation on the part of Dr. Gear because he clearly did not misrepresent that he had no "physical" illness as the proposed claim alleged – that question was not asked in the application. Doc. 42 at 3. Because Plaintiff made no allegation that Dr. Gear failed to disclose a "physician" illness, what such an illness might be, or why it was material, the Court denied leave to amend as futile. *Id.* at 3-4. Given the denial, Plaintiff's request for reconsideration of the stay order was denied as moot. *Id.* at 4; *see* Doc. 38 at 7-8.

Plaintiff now seeks leave to amend "to correct the reference to the application question and the wording including 'chronic physician illness.'" Doc. 43 at 7. Plaintiff asserts that "[t]he plain and ordinary meaning of 'chronic physician illness' is a chronic illness that a physician has[,]" and that Dr. Gear was a physician who failed to disclose his chronic transverse myelitis on the 2018 application. *Id.* at 6. Plaintiff argues that leave to amend should be granted under Rule 15's liberal amendment policy, and that the stay order should be vacated because the rescission claim takes this case outside the *Brillhart* abstention doctrine and *Colorado River* does not support a stay. *Id.* at 5-10.

## II.   Leave to Amend.

Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal amendment policy must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Court may deny a motion to amend where there is undue delay or bad faith on the part of the amending party, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman*, 371 U.S. at 182.

As the parties opposing amendment, Defendants "bear[] the burden of establishing futility or one of the other permissible reasons for denying a motion to amend." *World*

*Nutrition Inc. v. Advanced Enzymes USA*, No. CV-19-00265-PHX-GMS, 2021 WL 632684, at *1 (D. Ariz. Feb. 18, 2021); *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants contend that leave to amend should be denied on each of the four grounds articulated in *Foman*. Doc. 46 at 7.

### A.   Futility.

The standard for assessing whether a proposed amendment is futile is the same as the standard for motions to dismiss under Rule 12(b)(6), "although 'viewed through the lens of the requirement that courts freely give leave to amend when justice so requires.'" *SCI Collaboration, LLC v. Sports Car Int'l, LLC*, No. 3:20-CV-170-AC, 2020 WL 6531912, at *5 (D. Or. Nov. 5, 2020) (citations omitted). Under Rule 12(b)(6), the well-pled factual allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4]

Arizona law allows an insurer to rescind a policy because of a misrepresentation in the application where "(1) the misrepresentation is fraudulent, (2) the misrepresentation is material either to the acceptance of the risk, or to the hazard assumed by the insurer, and (3) the 'insurer in good faith would not have issued the policy if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.'" *James River Ins. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920-21 (9th Cir. 2008) (quoting A.R.S. § 20-1009; ellipses omitted); *see also Loza v. Am. Heritage Life Ins.*, 434

---

[4] Plaintiff asserts that an amendment is futile only if "no set of facts can be proved . . . that would constitute a valid and sufficient claim[.]" Doc. 52 at 2; *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). But *Twombly* put to rest *Conley*'s "no set of facts" language. 550 U.S. at 561-63; *see Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012) ("*Conley*'s 'no set of facts' standard is no longer the Rule 12(b)(6) standard as it was abrogated by . . . *Twombly*[.]").

4

F. App'x 687, 689 (9th Cir. 2011); *Principal Life Ins. Co. v. Zaki*, No. CV-15-1337-PHX-SMM, 2018 WL 10811261, at *4 (D. Ariz. Mar. 7, 2018).

Plaintiff alleges in the proposed amended complaint that Dr. Gear was diagnosed with transverse myelitis in 2002, that transverse myelitis is a chronic illness, and that Dr. Gear had been treated continuously for the illness since his diagnosis. Doc. 43-1 ¶¶ 2, 7-9. Plaintiff further alleges that Dr. Gear fraudulently misrepresented that he had not been treated for a chronic physician illness in the 2018 application, that this misrepresentation was material to Plaintiff's acceptance of the risk or to the hazard it assumed, and that Plaintiff in good faith would not have issued the policy if the true facts were known. *Id.* ¶¶ 64-67. Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor, *see Cousins*, 568 F.3d at 1067, the Court finds that the proposed amendment pleads a rescission claim that is plausible on its face. *See* A.R.S. § 20-1009; *Iqbal*, 556 U.S. at 678.

Defendants make several arguments as to why the rescission claim is futile. Doc. 46 at 7-14. None has merit.

**1.  Ambiguity.**

Defendants argue that the phrase "chronic physician illness" in question 12 is "wildly ambiguous" and therefore "cannot be relied upon as the basis for a rescission claim." Doc. 46 at 12 (citing *Loza*, 434 F. App'x at 689-90 ("We hold that AHL was not entitled to rescission because the term 'diagnostic test for cancer' is ambiguous[.]"); *James River*, 523 F.3d at 921-22 (finding no fraud because the application question was ambiguous and reasonable persons could conclude that the question elicited an opinion)). But in determining whether a proposed claim is futile for purposes of leave to amend, "[a]ll ambiguities or doubts must . . . be resolved in the plaintiff's favor." *Gifford v. Kampa*, No. 2:17-CV-2421-TLN-DMC, 2021 WL 1143507, at *7 (E.D. Cal. Mar. 25, 2021) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)); *see Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1102 (D. Ariz. 2003) (the court "must resolve any ambiguities in the considered documents in the plaintiff's favor" in ruling on a Rule 12(b)(6) motion);

5

*Rajasundaram v. Maricopa Cty. Cmty. Coll. Dist.*, No. CV-20-01544-PHX-SPL, 2021 WL 1117324, at *2 (D. Ariz. Mar. 24, 2021) (the court "will take the terms of the [policies] as true and resolve any ambiguities in favor of [p]laintiff" in deciding the motion to dismiss). To the extent the phrase "chronic physician illness" is ambiguous, as Defendants assert, the Court must accept Plaintiff's interpretation of the phrase – a chronic illness that a physician has – in deciding whether to grant leave to amend. *See id.*

Defendants cite *James River*, 523 F.3d at 922, and *Stewart v. Mutual of Omaha Insurance*, 817 P.2d 44, 49 (Ariz. Ct. App. 1991), for the proposition that ambiguities in insurance applications are interpreted against the insurer. Doc. 46 at 12. In its original opinion in *James River*, the Ninth Circuit relied on *Stewart* in stating that Arizona "construes ambiguity in insurance applications in favor of the insured[.]" 523 F.3d at 917. But that opinion was later amended in light of *Employers Mutual Casualty v. DGG & CAR, Inc.*, 183 P.3d 513 (Ariz. 2008), which explained:

> In interpreting an insurance policy, we apply "a rule of common sense" thus, "when a question of interpretation arises, we are not compelled in every case of apparent ambiguity to blindly follow the interpretation least favorable to the insurer."

183 P.3d at 515 (quoting *State Farm Mut. Auto. Ins. v. Wilson*, 782 P.2d 727, 733 (1989)). The amended opinion in *James River* clarified that Arizona "*tends* to construe ambiguity in insurance applications in favor of the insured[.]" 523 F.3d at 917, 922 (emphasis added); *see also James River Ins. v. Hebert Schenk, P.C.*, 519 F.3d 917 (9th Cir. 2008), *opinion amended and superseded on denial of reh'g*, 523 F.3d at 917. Contrary to Defendants' assertion, *James River* does not require the Court to construe any ambiguity in question 12 against Plaintiff. *See Emps. Mut. Cas.*, 183 P.3d at 515 ("'Neither language nor apparent ambiguity alone is dispositive.' Rather, even if a policy is apparently ambiguous, a decision to require coverage follows after consideration of 'legislative goals, social policy, and examination of the transaction as a whole.'") (citations and alterations omitted).

What is more, the cases on which Defendants rely all concerned summary judgment motions. *See James River*, 523 F.3d at 921; *Stewart*, 817 P.2d at 53; *Loza*, 434 Fed. App'x

6

at 690; *see also Emps. Mut. Cas.*, 183 P.3d at 515, 519. Defendants cite no legal authority suggesting that the Court, in deciding at the pleading stage whether Plaintiff's proposed rescission claim is futile, must resolve any ambiguity in question 12 in Defendants' favor. *Cf. Toce v. Rentch*, No. 17-cv-0603-AJB-BLM, 2018 WL 280024, at *4 (S.D. Cal. Jan. 3, 2018) (ambiguity cannot be resolved on a motion to dismiss); *Picketfence Inc. v. R.R. Donnelley & Sons*, No. C 07-1551 JL, 2007 WL 9811030, at *2 (N.D. Cal Nov. 6, 2007) (ambiguity would be prematurely decided on a motion to dismiss); *Intel Corp. v. Via Techs. Inc.*, No. C 99-03062 WHA, 2001 WL 777085, at *6 (N.D. Cal. Mar. 20, 2001) ("contract-interpretation questions should not be resolved on a motion to dismiss").

**2.    Question 12.**

Defendants note that question 12 of the 2018 application asked whether Dr. Gear had been diagnosed with or treated for a chronic physician illness "[s]ince your last application to us." Doc. 46 at 7-8 (quoting Doc. 43-2 at 3). Dr. Gear's last application was submitted on February 17, 2017. Docs. 46 at 8, 52 at 4. According to Defendants, Plaintiff can prove fraud only with evidence that Dr. Gear had been treated for a chronic physician illness between his 2017 and 2018 applications. Doc. 46 at 8. Defendants argue that the rescission claim is futile because Plaintiff does not allege Dr. Gear was treated for any illness in 2017 or 2018. *Id.*

But the amended complaint alleges that Dr. Gear had been "*continuously* treated for transverse myelitis since his diagnosis," Doc. 43-1 ¶ 9 (emphasis added), an allegation Defendants do not address. This allegation is plausible given the apparent permanent nature of the symptoms caused by transverse myelitis. *See* Docs. 43-4 at 1-2 (2011 journal entry describing the early stages of the disease after the 2002 diagnosis and the chronic symptoms experienced over the next nine years); 52 at 5 (discussing the journal entry and the alleged ongoing nature of Dr. Gear's illness). Accepting this allegation as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff plausibly has pled that Dr. Gear was treated for a chronic illness between the 2017 and 2018 applications. *See* Doc. 43-1 ¶¶ 7-9.

### 3. Plaintiff's Alleged Lack of Evidence.

Defendants claim that "there is no evidence that Dr. Gear was diagnosed with or treated for a chronic 'physician' illness" between 2017 and 2018, that "no reasonable jury . . . could ever return a verdict in favor of [Plaintiff] on its proposed rescission claim[,]" and that "judgment as a matter of law against [Plaintiff] would be the only appropriate outcome." Doc. 46 at 12. Plaintiff counters that Defendants misapprehend the standard for leave to amend under Rule 15 and that their summary-judgment-type arguments are premature. Doc. 52 at 1-2. The Court agrees.

Defendants contend that Plaintiff can offer no evidence to support the claim and that judgment as a matter of law is therefore warranted. Doc. 46 at 11-12 (citing *Diaz v. Eagle Produce Ltd. P'Ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (setting forth the summary judgment standard under Rule 56)); *see id.* at 11-12 (repeatedly asserting that "there is no evidence that Dr. Gear had TM in 2017-18"). But Defendants "cite[] no controlling authority, and the Court is aware of none, holding that a court should use a summary judgment standard to determine whether a proposed amendment is futile before the plaintiff has had an opportunity to engage in discovery." *Weber v. Allergan Inc.*, No. CV-12-02388-PHX-SRB, 2016 WL 8114210, at *2 (D. Ariz. Feb. 17, 2016); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment may be appropriate "after adequate time for discovery and upon motion").[5]

### 4. Estoppel and Waiver.

Defendants argue that Plaintiff is estopped from asserting, and has waived, any rescission claim because Plaintiff knew of Dr. Gear's medical condition prior to filing this declaratory judgment action and before issuing its reservation of rights letter. Doc. 46 at 12-13. But estoppel and waiver are affirmative defenses that should be pled in Defendants' answer to the rescission claim and, if appropriate, raised on summary judgment. *See* Doc. 52 at 2; Fed. R. Civ. P. 8(c); *Quintana v. Gates*, No. CV-00-07166-

---

[5] As explained above, Defendants' reliance on *James River* and *Loza* is misplaced because those cases involved summary judgment. *See* Doc. 46 at 9, 12.

8

GAF (AJWXAA), 2004 WL 1661540, at *4 (C.D. Cal. July 20, 2004) ("Rule 8(c) explicitly lists affirmative defenses which must be set forth in the answer, including . . . waiver [and] estoppel[.]"); *Polk Cty., Iowa v. Populous, Inc.*, No. 4:11-cv-00235-REL-RAW, 2012 WL 13026668, at *2 (S.D. Iowa Oct. 15, 2012) ("Populous also alleges the proposed amendment is futile as beyond the limitations period and subject to such affirmative defenses as waiver, laches or equitable estoppel. Affirmative defenses must be pleaded. The amendment is not futile on its face.").

### 5. Futility Conclusion.

Defendants have not met their burden of proving futility. The Court will not deny leave to amend as futile.

## B. Prejudice.

Defendants assert that the proposed amendment would cause "prejudice through possible reconsideration of the stay order [.]" Doc. 46 at 12. But Defendants develop no argument in support of this assertion, nor do they explain how lifting the stay would result in unfair prejudice. "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings[,] a showing of prejudice must be substantial." *Gen. Star Indem. Co. v. First Am. Ins. Co. of Napa*, No. 20-CV-03210-TSH, 2021 WL 1299044, at *4 (N.D. Cal. Apr. 7, 2021) (citations omitted). Defendants have made no such showing.

## C. Bad Faith.

Defendants assert that Plaintiff, in its first motion to amend, intentionally edited question 12 and declined to address the actual wording. Doc. 46 at 13-14. Asserting that there is no excuse for this failure, Defendants contend that Plaintiff should not be permitted to address the actual language now. *Id.* at 14. But Defendants cite no legal authority in support of this contention and have not otherwise made a strong showing of bad faith on the part of Plaintiff. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (leave to amend generally should be granted absent prejudice or a strong showing of any of the remaining *Foman* factors).

/ / /

### D. Undue Delay.

Defendants assert that Plaintiff had evidence of Dr. Gear's medical condition before denying coverage and has not explained how it discovered the 2011 journal entry about transverse myelitis. Doc. 46 at 2. Plaintiff counters that it never knew Dr. Gear suffered from transverse myelitis or the full extent of his medical condition until it discovered the journal entry in November 2020. Doc. 52 at 9. Plaintiff states that it promptly sought leave to amend. *Id.* at 10. Plaintiff also notes that this information would have come to light during discovery, but claims that Defendants have managed to thwart discovery at every stage of these proceedings. *Id.*

The parties' disagreement on whether Plaintiff unduly delayed its rescission claim provides no basis for denying leave to amend. "[T]he Ninth Circuit has instructed that 'delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.'" *Terpstra v. Hamstra Heating & Cooling, Inc.*, No. CV 12-0850-TUC-JR, 2013 WL 12040005, at *1 (D. Ariz. Aug. 26, 2013) (quoting *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981)); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (a "delay of nearly two years [was] not alone enough to support denial" of leave to amend).

### E. The Stay Order.

Defendants claim that Plaintiff's request for leave to amend violates the stay order (Doc. 46 at 7), but Plaintiff also seeks reconsideration of the stay order (Doc. 43 at 7-10). Defendants' reliance on *Wave Loch, Inc. v. Am. Wave Machines, Inc.*, No. 08-CV-928 BAS NLS, 2014 WL 7261552, at *3 (S.D. Cal. Oct. 1, 2014), is misplaced. *See* Doc. 46 at 7. While the district court case noted in passing that the stay prevented the plaintiffs from filing a motion to amend, the court considered the motion on the merits. *Wave Loch*, 2014 WL 7261552, at *3.

### F. Amendment Conclusion.

This Circuit has made clear that, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of

granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original). Defendants have failed to establish any of the *Foman* factors, and the proposed amendment states a plausible claim for rescission under A.R.S. § 20-1109. The Court will grant Plaintiff leave to file its proposed amended complaint. Doc. 43-1.

### III. Reconsideration of the Stay Order.

A motion for reconsideration requires a showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previous arguments, and mere disagreement with an order is an insufficient basis for reconsideration. *See id.*; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).[6]

Plaintiff argues that the newly added rescission claim takes this case outside of *Brillhart* and that *Colorado River* no longer supports a stay. Docs. 43 at 5-10, 52 at 8-10. The Court agrees.

#### A. *Brillhart*.

"*Brillhart* concerns the question of whether a federal court should 'abstain from issuing a declaration in a diversity action where an action is pending in a state court between the same parties presenting the same issues to avoid vexatious interference with the state court's jurisdiction.'" *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *3 (N.D. Cal. Feb. 12, 2019) (quoting *Gov't Emps. Ins. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). *Brillhart* provides three primary factors to consider in deciding whether to stay an action for declaratory relief: "[t]he district court should avoid

---

[6] Plaintiff's citation to Rule 59(e), which allows a court to "alter or amend a judgment," and Rule 60(b), which allows a court to relieve a party from a "final judgment [or] order," is misplaced because the stay order is not a final order or judgment in this case. *See* Doc. 43 at 7-8; *see also Nat'l Tr. for Historic Pres. v. Suazo*, No. CV-13-01973-PHX-DGC, 2015 WL 3613850, at *2 (D. Ariz. June 9, 2015) (discussing Rules 59 and 60); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("Rule 59(e) 'clearly contemplates entry of judgment as a predicate to any motion.'") (citation omitted); *VienPhuong Ti Ho v. City of Long Beach*, No. 2:19-cv-09430- DOC (KES), 2020 WL 8617674, at *8 (C.D. Cal. Nov. 10, 2020) (an "order that 'did not resolve all the issues in this case' was not a final order under Rule 60(b)") (citation omitted).

needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225.[7]

This Circuit has made clear that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.* (citing *Aetna Cas. & Sur. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.")). "Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not . . . decline to entertain the claim for declaratory relief." *Id.* (citing *Chamberlain v. Allstate Ins.*, 931 F.2d 1361, 1367 (9th Cir. 1991)); *see Hartford Underwriters Ins. v. Masters*, No. CIV. 10-00629 JMS, 2011 WL 2173779, at *7 (D. Haw. June 2, 2011) ("The *Brillhart* factors . . . do not apply 'when other claims are joined with an action for declaratory relief[.]'") (quoting *Dizol*, 133 F.3d at 1225).

Plaintiff notes, correctly, that its new rescission claim is an independent, non-declaratory claim that does not turn on any policy exclusion or limitation. Doc. 43 at 8. Because "the Ninth Circuit holds that *Brillhart* abstention of the declaratory judgment claim is not appropriate if the declaratory judgment claim co-exists with other independent claims, such as . . . rescission[,]" *Integon Preferred Ins. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *9 (E.D. Cal. Dec. 18, 2018), the Court "must analyze whether it may . . . stay the claims under the jurisdictional doctrine set forth in *Colorado River*[,]" *United Specialty Ins. v. Bani Auto Grp., Inc.*, No. 18-CV-01649-BLF, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018). *See also Nautilus Ins. v. Day to Day Fashion,*

---

[7] Other considerations may include "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Id.* at 1225 n.5.

12

*Inc.*, No. CV 17-01649 AFM, 2017 WL 5643182, at *1 (C.D. Cal. Aug. 8, 2017) ("[P]laintiff seeks rescission in addition to declaration relief; therefore, the Court applies the standard from *Colorado River* to assess defendant's motion to stay[.]") (citing *Seneca Ins. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017)); *Zurich Am. Ins. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019) ("Other courts in the Northern District have also found *Brillhart* inapplicable when an action includes an independent claim[.]") (citations omitted); *Atain Specialty Ins. v. Hernandez*, No. 2:13-CV-00530-MCE, 2014 WL 295202, at *4 (E.D. Cal. Jan. 24, 2014) ("[T]he Court must exercise its diversity jurisdiction over Atain's claim for rescission, and Hernandez's request that the Court dismiss the case under the *Brillhart* factors is denied.") (emphasis omitted).

      **B.**    *Colorado River*.

          **1.**    **Standard for Staying Actions Under *Colorado River*.**

*Colorado River* is not an abstention doctrine. *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021). Indeed, "[t]he instances in which a court can stay an action pursuant to *Colorado River* 'are considerably more limited than the circumstances appropriate for abstention.'" *Id.* (quoting *Colorado River*, 424 U.S. at 818). "Pursuant to *Colorado River*, in rare cases, [and] . . . [i]n the interest of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' a district court can dismiss or stay 'a federal suit due to the presence of a concurrent state proceeding.'" *Id.* (quoting *Colorado River*, 424 U.S. at 817-18). But "[b]ecause of 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them, only the clearest of justifications will warrant a dismissal' or stay." *Id.* (quoting *Colorado River*, 424 U.S. at 817-19) (internal citations and brackets omitted).

The court's task in such cases "is not to find some substantial reason for the *exercise* of federal jurisdiction[, but] to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender

of that jurisdiction." *Id.* at 1203 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)) (emphasis in original). "'If there is any substantial doubt as to' whether 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties[,] it would be a serious abuse of discretion to grant the stay[.]'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 28).

This Circuit has identified eight factors to be considered in determining whether a *Colorado River* stay is appropriate: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Id.* (citing *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011)). These factors are not a "mechanical checklist" and should be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16, 21). "'The weight to be given to any one factor may vary greatly from case to case,' . . . and, in some cases, a single factor may decide whether a stay is permissible[.]" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 21; citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).

**2.    A Stay Is No Longer Appropriate Under *Colorado River.***

In this case, "the eighth factor – 'whether the state court proceedings will resolve all issues before the federal court,' *R.R. St.*, 656 F.3d at 979 – controls the outcome." *Id.* This factor should be addressed "as a preliminary matter," *id.* at 979 n.9, and asks about the similarity between the state and federal suits – "[t]hough exact parallelism is not required, substantial similarity of claims is necessary before [as stay] is available[,]" *State Water Res.*, 988 F.3d at 1203 (quoting *Seneca Ins.*, 862 F.3d at 845).

The state court cannot resolve Plaintiff's rescission claim because Plaintiff has not raised the claim there. The Court therefore cannot have "full confidence that the parallel

14

state proceeding will end the litigation." *Intel*, 12 F.3d at 913. "[T]here exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, [rendering] it is unnecessary for [the Court] to weigh the other factors included in the *Colorado River* analysis." *Id.* at 913 n.7; *see State Water Res.*, 988 F.3d at 1204 ("We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court.") (citing *Intel*).

The Court accordingly will grant Plaintiff's motion for reconsideration and vacate the stay order. *See State Water Res.*, 988 F.3d at 1208 (finding the eighth factor "dispositive" in concluding that a stay was not appropriate where the United States' immunity claim was not raised in the state court action); *Dizol*, 133 F.3d at 1226 n.6 ("Because claims of . . . rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action.") (quoting *First State Ins. v. Callan Assocs.*, 113 F.3d 161, 163 (9th Cir. 1997)); *Atain Specialty Ins.*, 2014 WL 295202, at *3 ("Because claims for rescission 'provide an independent basis for federal diversity jurisdiction,' courts have repeatedly found that the district court 'is without discretion to remand or decline to entertain these causes of action.'") (quoting *Dizol*); *United Specialty Ins.*, 2018 WL 5291992, at *4 ("Resolution of the [state court action] will clearly not resolve USIC's rescission or recoupment claims. As such, the Court cannot dismiss under *Colorado River*.").[8]

Defendants contend that the rescission claim is so intertwined with the existing declaratory claims that the stay should remain in place. Doc. 46 at 15-16 (citing *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (noting that on two occasions the Ninth Circuit has "concluded that, despite requests for monetary relief, the actions were primarily declaratory in nature and therefore jurisdiction remained

---

[8] Although not requested by Defendants, the Court finds that this case does not present the "rare circumstances in which [the Court] could properly issue a partial *Colorado River* stay." *State Water Res.*, 988 F.3d at 1206. The Court cannot conclude that Plaintiff has sought to bring the rescission claim solely to avoid state court adjudication. *See id.* at 1206-07 (finding a partial stay inappropriate absent "clear-cut evidence of forum shopping"); *see also* Doc. 35 at 1-2 (explaining that the Court cannot conclude that either party has engaged in inappropriate forum shopping).

15

discretionary")). But Plaintiff's rescission claim "is independent in the sense that it could be litigated in [this Court] even if no declaratory claim had been filed." *United Nat'l Ins.*, 242 F.3d at 1113. Plaintiff clearly has a right to seek rescission of the policy under A.R.S. § 20-1109, *see James River*, 523 F.3d at 920-21, and the Court has subject matter jurisdiction over the claim under 28 U.S.C. § 1332, *see* Doc. 43-1 ¶ 3. The Court therefore must exercise federal jurisdiction over the claim. *See United Nat'l Ins.*, 242 F.3d at 1113-15 (district court abused its discretion by remanding the action to state court where the district court's subject matter jurisdiction over the insurer's reimbursement claim was not in dispute and the "claim [was], in all probability, sufficiently independent under California law to trigger mandatory federal jurisdiction").

Defendants further contend that Plaintiff has been aware of Dr. Gear's physical condition for more than a year and could have asserted a rescission claim earlier with reasonable diligence. Doc. 46 at 14. But as noted, Plaintiff states that it did not know Dr. Gear suffered from transverse myelitis or the full extent of his medical condition until it discovered the journal entry in November 2020. Doc. 52 at 9. Defendants have not shown that any delay on the part of Plaintiff warrants keeping the stay in place.

**IT IS ORDERED:**

1. Plaintiff's second motion for leave to amend the complaint and for reconsideration of the order staying the case (Doc. 43) is **granted**.

2. The Court's stay order (Doc. 35) is **vacated**.

3. Plaintiff shall file the proposed complaint (Doc. 43-1) by **May 14, 2021**.

4. The parties shall file a new joint report proposing scheduling deadlines (*see* Doc. 28 at 8-11) by **May 21, 2021**. The Court will enter a case management order after receiving the report.

Dated this 7th day of May, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge